1  RUTH L. SEROUSSI (SBN 182623)
   rseroussi@newhouseseroussi.com
2  SUZANNE M. HENRY (SBN 204772)
   shenry@newhouseseroussi.com
3  GRANT D. STIEFEL (SBN  212307)
   gstiefel@newhouseseroussi.com
4  **NEWHOUSE|SEROUSSI Attorneys, PC**
   1800 Century Park East, 6th Floor
5  Los Angeles, California  90067
   Telephone: (310) 684-3162
6  Facsimile: (310) 496-0551

7  Attorneys for Plaintiff INNERSVINGEN
   A.S., a Norwegian limited company

8

9              **UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12  INNERSVINGEN AS, a Norwegian          CASE NO. CV12-05257 R(JCGx)
13  limited company,

                                          **ORDER GRANTING**
14            Plaintiff,                  **PRELIMNARY INJUNCTION**

15       vs.
                                          Date Action Filed:   June 15, 2012
16                                        Trial Date:          None Set

17

18  SPORTS HOOP, INC., a California
    corporation; LINBOS
19  CORPORATION, a California
    corporation; KUN YUAN LIN, an
20  individual aka KWAN LIN; and
    BOSLIN CO., LIMITED, a private
21  limited United Kingdom company, and
    DOES 1 through 10, inclusive,
22
              Defendants.
23

24

25

26  ///

27  ///

28  ///

1    On June 15, 2012, Plaintiff Innersvingen AS ("Plaintiff") filed a Complaint
2    against Defendant Sports Hoop, Inc. ("Sports Hoop"), Kun Yuan Lin aka Kwan Lin
3    ("Lin"), Linbos Corporation ("Linbos") and Boslin Co. Limited ("Boslin")
4    (collectively, "Defendants").

5    In its Complaint, Plaintiff alleged that each Defendant, individually and in
6    concert with the other Defendants has: (1) with full knowledge of its terms,
7    breached or intentionally interfered with the November 11, 2011 Exclusive License
8    Agreement ("Exclusive License") between Plaintiff and Sports Hoop, which granted
9    Plaintiff the Exclusive License to promote, sell, and distribute Sports Hoop's
10   weighted hula hoops throughout Europe; (2) used a shell company (Boslin) to
11   promote, sell, and distribute Sports Hoop's weighted hula hoops throughout Europe
12   in violation of the Exclusive License; and (3) unlawfully sold Defendants' products
13   in Plaintiff's exclusive territory under Plaintiff's registered Powerhoop® trademark,
14   packaging and trade dress.

15   Plaintiff has asserted claims for interference with contract, interference with
16   prospective economic advantage, breach of contract, breach of implied covenant of
17   good faith and fair dealing, declaratory relief, injunctive relief, and restitution for
18   violation of Section 17200 of the California *Business and Professions Code*.

19   On June 19, 2012, pursuant to Federal Rules of Civil Procedure Rule 65 and
20   Civil Rules 65-1 and 7-19, Plaintiff moved *ex parte* on its claims against Defendants
21   for a Temporary Restraining Order ("TRO") and an Order to Show Cause Why a
22   Preliminary Injunction Should Not Issue.

23   On June 22, 2012, this Court issued a Temporary Restraining Order to
24   prevent immediate and irreparable injury to Plaintiff and set the Order to Show
25   Cause ("OSC") regarding the preliminary injunction, and to preserve the status quo.
26   Defendants were ordered to show cause, why the preliminary injunction should not
27   issue on June 29, 2012.  The parties subsequently stipulated to maintain the TRO
28   and postpone the hearing on the OSC until July 13, 2012.

1    On July 13, 2012, after consideration of the briefs and evidence filed in
2    support of and in opposition to the OSC and Plaintiff's *ex parte* application, the
3    arguments of counsel, and upon good cause shown, the Court hereby enters this
4    Preliminary Injunction against Defendants, as follows:

5    **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

6    In the Ninth Circuit, a plaintiff is entitled to a preliminary injunction if it
7    demonstrates: (1) a likelihood of success on the merits, (2) a likelihood of
8    irreparable harm that would result if an injunction were not issued, (3) the balance
9    of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest.
10   *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *Storman's,*
11   *Inc. v. Select, Inc.*, 586 F.3d 1109 (9th Cir. 2009).

12   Plaintiff is entitled to preliminary relief to stop Defendants' trademark
13   infringement and breach of Plaintiff's exclusive license. First, Plaintiff has
14   established a likelihood of success on the substantive merits of its action. Plaintiff
15   entered into an agreement with Defendant Sports Hoop, Inc. to promote, sell, and
16   distribute Sports Hoop's weighted hula hoops throughout Europe. That agreement
17   included an exclusive license to Plaintiff. Plaintiff has submitted declarations of its
18   employees and others which demonstrate that Defendants are selling their products
19   directly to consumers in Europe and are using other importers and wholesalers as
20   agents to do so as well and have continued to do so despite this Court's prior Order.
21   Moreover, Defendants submit in their Opposition that they are now selling their own
22   hoops in Europe in an effort to mitigated damages caused by an alleged breach by
23   Plaintiff. Defendants' actions are in direction breach of the exclusive license
24   agreement granted to Plaintiff.

25   Plaintiff has also submitted evidence demonstrating that it faces irreparable
26   harm if preliminary relief is not issued. Injunctive relief is generally not available if
27   an adequate legal remedy exists. In cases involving a breach of contract, damages
28   are presumed to be sufficient and no equitable remedy will be provided. However,

1    Plaintiff's action is not merely a breach of contract case. In the Ninth Circuit,

2    "[e]vidence of threatened loss of prospective customers or goodwill certainly

3    supports a finding of the possibility of irreparable harm." *Stuhlbarg Int'l Sales Co.,*

4    *Inc. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001). Here, Plaintiff has

5    submitted evidence establishing that Defendants' actions are causing the loss of

6    customers and goodwill that Plaintiff had spent significant time, money, and effort

7    in cultivating. Defendants are violating the exclusive license by unlawfully selling

8    substandard products under Plaintiff's "Powerhoop" trademark, and have continued

9    to do so in direct violation of the Court's TRO. This action has angered customers

10   who believe they are being overcharged for Plaintiff's authentic products. In

11   addition, "irreparable injury may be presumed" in cases of trademark infringement.

12   *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d

13   1036, 1066 (9th Cir. 1999).

14       Further, the balance of equities favors Plaintiff. Defendant Sports Hoop, Inc.

15   granted an exclusive license to Plaintiff to market the Powerhoop in Europe.

16   However, Defendants are selling similar but substandard products in violation of the

17   exclusive license agreement. By contrast, Plaintiff's significant efforts to cultivate a

18   customer base and goodwill may be permanently damaged if Defendants' actions

19   are not enjoined, which will likely harm Plaintiff's long-term prospects in the

20   European market.  Enjoining Defendants' sales in Europe will do nothing more than

21   provide them with the benefit of their bargain.

22       Finally, preliminary injunctive relief is in the public interest. The public has a

23   significant interest in preventing fraud and public confusion surrounding the sale of

24   substandard products which are held out as authentic ones. *See Boston*

25   *Telecommunications Group, Inc. v. Wood*, 588 F.3d 1201, 1207 (9th Cir. 2009).

26   Defendants are California citizens and corporations. Some of those corporations

27   appear to be alter egos established simply for the purpose of circumventing the

28   exclusive license agreement entered with Plaintiff. Defendants' actions are causing

CV12-05257 R (JCGx)

[PROPOSED] PRELIMINARY INJUNCTION

1  confusion among consumers in Europe, and California has an interest in preventing

2  such confusion.  Defendants have offered no tenable argument to the contrary.

3         When determining the appropriate amount (if any) of an injunction bond

4  under Federal Rules of Civil Procedure 65(c), the district court is afforded wide

5  discretion in setting the amount of the bond. *See Walczak v. EPL Prolong, Inc.*, 198

6  F.3d 725, 733 (9th Cir. 1999). The amount of the bond may be zero if no admissible

7  evidence is presented showing the enjoined party will suffer damages from the

8  injunction.  *See Gorbach v. Reno*, 219 F.3d 1087, 1092 (9th Cir. 2000); *Connecticut*

9  *General Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 879 (9th Cir.

10  2003) (district court did not abuse its discretion in not requiring a bond where the

11  court was not presented with evidence that a bond was needed).  Here, Defendants

12  have not requested a bond in any amount and have proffered no admissible evidence

13  or argument that they will suffer damages if enjoined, so no bond is ordered.

14

15         ///

16         ///

17         ///

18         ///

19         ///

20         ///

21         ///

22         ///

23         ///

24         ///

25         ///

26         ///

27         ///

28

1

## <u>PRELIMINARY INJUNCTION ORDER</u>

2      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants

3 Lin, Sports Hoop, Linbos and Boslin, and his/it/their family members, employees,

4 officers, attorneys, agents, alter egos and representatives, and all other persons in

5 privity or acting in concert or participation with Defendants, including but not

6 limited to Defendants' alter egos "Globmar" and "Boslin International Co., Ltd." are

7 hereby enjoined and restrained from:

8

9    1.  Selling, advertising, or otherwise offering for sale any hula hoop products

10       in the European Union, except to Plaintiff in accordance with the terms of

11       the Exclusive License (excepting the "DIY hoop," which is the only hoop

12       excluded from the Exclusive License), or assisting others in doing same

13       until **March 1, 2013**.

14

15   2.  Selling, advertising, or otherwise offering for sale any products under

16       Plaintiff's registered Powerhoop® trademark, packaging or trade dress, or

17       assisting others in doing same.

18

19

20 Dated:__July 26, 2012_          _____

21                          Honorable Manuel Real

22                        UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28