RUTH L. SEROUSSI (SBN 182623)
rseroussi@newhouseseroussi.com
SUZANNE M. HENRY (SBN 204772)
shenry@newhouseseroussi.com
GRANT D. STIEFEL (SBN 212307)
gstiefel@newhouseseroussi.com
**NEWHOUSE|SEROUSSI Attorneys, PC**
1800 Century Park East, 6th Floor
Los Angeles, California 90067
Telephone: (310) 684-3162
Facsimile: (310) 496-0551

Attorneys for Plaintiff INNERSVINGEN
A.S., a Norwegian limited company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| INNERSVINGEN AS, a Norwegian limited company,<br><br>Plaintiff,<br><br>vs.<br><br>SPORTS HOOP, INC., a California corporation; LINBOS CORPORATION, a California corporation; KUN YUAN LIN, an individual aka KWAN LIN; and BOSLIN CO., LIMITED, a private limited United Kingdom company, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV12-05257 R(JCGx)<br><br>AMENDED PRELIMINARY INJUNCTION ORDER<br><br>Date:    **December 3, 2012**<br>Time:    **10:00 a.m.**<br>Courtroom: **8**<br><br>Date Action Filed: June 15, 2012<br>Trial Date:    August 20, 2013 |

///

///

///

On June 15, 2012, Plaintiff Innersvingen AS ("Plaintiff") filed a Complaint against Defendant Sports Hoop, Inc. ("Sports Hoop"), Kun Yuan Lin aka Kwan Lin ("Lin"), Linbos Corporation ("Linbos") and Boslin Co. Limited ("Boslin") (collectively, "Defendants").

In its Complaint, Plaintiff alleged that each Defendant, individually and in concert with the other Defendants has: (1) with full knowledge of its terms, breached or intentionally interfered with the November 11, 2011 Exclusive License Agreement ("Exclusive License") between Plaintiff and Sports Hoop, which granted Plaintiff the Exclusive License to promote, sell, and distribute Sports Hoop's weighted hula hoops throughout Europe; (2) used a shell company (Boslin) to promote, sell, and distribute Sports Hoop's weighted hula hoops throughout Europe in violation of the Exclusive License; and (3) unlawfully sold Defendants' products in Plaintiff's exclusive territory under Plaintiff's registered Powerhoop® trademark, packaging and trade dress.

On June 22, 2012, this Court issued a Temporary Restraining Order to prevent immediate and irreparable injury to Plaintiff and set the Order to Show Cause ("OSC") regarding the preliminary injunction, and to preserve the status quo. Defendants were ordered to show cause, why the preliminary injunction should not issue on June 29, 2012. The parties subsequently stipulated to maintain the TRO and postpone the hearing on the OSC until July 13, 2012.

On July 13, 2012, after consideration of the briefs and evidence filed in support of and in opposition to the OSC and Plaintiff's *ex parte* application, the arguments of counsel, and upon good cause shown, the Court entered a Preliminary Injunction against Defendants.

On October 22, 2012 Plaintiff filed a Motion for Order to Show Cause why Defendants Should Not Be Held in Contempt and Sanctioned ("Motion") for Defendants' ongoing violations of the TRO and Preliminary Injunction. Both parties submitted voluminous evidence and briefs on the issues of contempt and

sanctions.  On December 3, 2012, after consideration of the briefs and evidence filed in support of and in opposition to the Motion, the arguments of counsel, and upon good cause shown, the Court finds Defendants in Contempt of the TRO and Preliminary Injunction and therefore modifies the Preliminary Injunction dated July 13, 2012 (Dkt # 54) as follows:

## AMENDED PRELIMINARY INJUNCTION ORDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that until **July 1, 2013**, Defendants Sports Hoop, Inc., Kun Yuan Lin aka Kwan Lin, Linbos Corporation, and Boslin Co. Limited (collectively, "Defendants"), and his/it/their family members, employees, officers, attorneys, agents, alter egos and representatives, and all other persons in privity or acting in concert or participation with Defendants, including but not limited to Defendants' alter egos "Glomar" and "Boslin International Co., Ltd." are hereby enjoined and restrained from:

1. Selling, advertising, or otherwise offering for sale any hula hoop products in the European Union, except to Plaintiff in accordance with the terms of the Exclusive License (excepting the "DIY hoop," which is the only hoop excluded from the Exclusive License), or assisting others in doing same.
2. Selling, advertising, or otherwise offering for sale any products under Plaintiff's registered Powerhoop® trademark, packaging or trade dress, or assisting others in doing same.

Dated: _Dec. 11, 2012__         _____

  Honorable Manuel Real
  UNITED STATES DISTRICT JUDGE