RUTH L. SEROUSSI (SBN 182623)
rseroussi@newhouseseroussi.com
SUZANNE M. HENRY (SBN 204772)
shenry@newhouseseroussi.com
GRANT D. STIEFEL (SBN 212307)
gstiefel@newhouseseroussi.com
**NEWHOUSE|SEROUSSI Attorneys, PC**
1800 Century Park East, 6th Floor
Los Angeles, California 90067
Telephone: (310) 684-3162
Facsimile: (310) 496-0551

Attorneys for Plaintiff INNERSVINGEN
A.S., a Norwegian limited company

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFF INNERSVINGEN AS, a Norwegian limited company, | CASE NO. CV12-05257 R(JCGx) |
| Plaintiff, | **PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| vs. | |
| SPORTS HOOP, INC., a California corporation; LINBOS CORPORATION, a California corporation; KUN YUAN LIN, an individual aka KWAN LIN; and BOSLIN CO., LIMITED, a private limited United Kingdom company, and DOES 1 through 50, inclusive, | Date Action Filed:   June 15, 2012<br>Trial Date:            October 1, 2013 |
| Defendants. | |

# PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure, Rule ("Fed. R. Civ.P.") 26(c), the following provisions shall govern the pretrial disclosure and use by the parties of all documents, testimony, and other information given during the course of discovery:

## 1.   INFORMATION

As used in this Confidentiality Order ("Order"), "Information" is defined to mean (l) documents, discovery responses, deposition transcripts, deposition videotapes and other material produced or exchanged in the course of this case; (2) any copies, notes, abstracts or summaries of material produced or exchanged in the course of this case; and (3) any pleading, motion, brief, declaration, transcript or filing containing such information.  Nothing in this Order concerns the disclosure or use of Information by any *producing party* or *producing non-party* to its employees, officers, agents and directors if such disclosure or use is made in the ordinary course of business, unrelated to this litigation.

## 2.   CATEGORIES OF CONFIDENTIAL INFORMATION

There are two categories of Confidential Information:

(a)   CONFIDENTIAL.  This Information must meet the standards stated in paragraph 3; and

(b)   ATTORNEYS' EYES ONLY.  This Information must meet standards stated in paragraph 3, *and* the designating party or non-party must also conclude in good faith that the Information meets the definition of "Trade Secret" in Evidence Code 1061(a)(l) or contains highly confidential, proprietary information.

## 3.   CONFIDENTIAL INFORMATION

Any party or non-party may designate as "CONFIDENTIAL" any Information that the party or non-party concludes in good faith to contain information involving trade secrets, nonpublic confidential business or financial information, or personal information subject to protection under federal law or the law of any other applicable

jurisdiction.  Where a piece of Information consists of more than one page, the first page and each page on which Confidential Information appears must be so designated.

**4.   DESIGNATION OF INFORMATION AS CONFIDENTIAL**

(a)   A party or non-party producing Information may designate the Information as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" by so indicating on the produced document, in the relevant discovery responses, or on the record at the deposition.

(b)   After any designation made according to the procedures set forth in this paragraph, the designated Information must be treated according to the designation until the matter is resolved pursuant to the procedures described in paragraph 6 below.  Until that resolution, counsel for each party will be responsible for marking all previously unmarked copies of the designated Information in their possession or control with the specified designation.

(c)   Nothing herein shall prevent any party who has received Confidential Information pursuant to this Order from producing such Confidential Information in response to a lawful subpoena or other compulsory process; provided that any party receiving such subpoena or process:  (i) shall, within 7 days, give notice by telephone, email or facsimile to the party who designated the Information as Confidential, and shall furnish the designating party a reasonable opportunity to seek a protective order; and (ii) if application for a protective order is made by the designating party before the return date, shall not produce such Information prior to receiving a court order or the written consent of the designating party.  The party receiving a lawful subpoena or other compulsory process shall, upon receipt of the same, request that the third-party seeking Information designated Confidential under this Order, agree to a confidentiality agreement under the same terms as this Order.  This obligation is solely to request agreement to confidential treatment under the same terms as this agreement and nothing further.  The party receiving the

Confidential Information shall have no other obligation with respect to obtaining confidential treatment of the subpoenaed information other than to inform the designating party if the request is denied.  If the third-party demands changes to the terms of this Order, it shall be deemed a denial and the receiving party has met its obligations upon notice to the designating party.

(d)     If the subpoena demands production of less than all of the Confidential Information provided by the designating party, the receiving party shall adhere to the procedures set forth in Paragraph 4(c), and shall also inform the designating party what Confidential Information shall be produced pursuant to the subpoena.  Any disagreement by the designating party with regard to the scope of the subpoena and the documents identified by the receiving party to be produced as responsive to the subpoena must be addressed by the designating party as part of its motion for protective order.  Provided that the designating party receives timely notice of the subpoena, if the designating party does not seek a protective order prior to the production date stated in the subpoena, the receiving party may produce all information called for by the subpoena.

## 5.   <u>CHALLENGE TO DESIGNATION</u>

Any party to whom Confidential Information is produced or disclosed, or to whose counsel Confidential Information is produced or disclosed, may object at any time to the "Confidential Information" designation.  The objection shall be made in writing to counsel for the designating party.  Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation.  If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the written objection, the designating party shall move the Court, on or before the fifteenth (15th) business day following the date of such written objection, for an order that the Information at issue is to be considered and treated as Confidential Information within the meaning of this Order.  Any opposition to such motion shall be filed within ten (10) business days of the filing of such motion.  The party

asserting the "Confidential" designation shall have the burden of showing why such information is entitled to confidential treatment.

## 6.   TREATMENT OF INFORMATION WHILE CHALLENGE IS PENDING

Notwithstanding any challenge to the designation of Information as Confidential Information, all documents designated as such must be treated as such and are subject to this Order unless and until one of the following occurs:

(a)   the party or non-party who claims that the Information is Confidential Information withdraws such designation in writing; or

(b)   the Court decides the Information is not Confidential Information.

## 7.   LIMITATION ON DISCLOSURE OF CONFIDENTIAL INFORMATION

(a)   Except with the prior written consent of the party designating Information as Confidential, or upon prior order of this Court obtained upon notice to opposing counsel, Information designated as "CONFIDENTIAL" must not be disclosed to any person other than:

(i)   the Court and Court personnel;

(ii)   the court reporter and videographer, if any, present at any hearing, deposition or trial;

(iii)   counsel for the respective parties to this litigation, including in-house counsel, co-counsel and any other counsel of record in this litigation and the employees, associates and contract attorneys of counsel;

(iv)   persons who authored, prepared or received the Information in a context outside this litigation;

(v)   the named parties to this litigation, including individual defendants and any director, officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(vi)   witnesses, other than expert witnesses and consultants, in connection with preparation to testify or to provide declarations in this action; and

(vii)   consultants or expert witnesses retained for the prosecution or defense of this litigation, but only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify in this action, or to otherwise assist counsel in the prosecution or defense of this action.

(b)     If a party or non-party inadvertently discloses Confidential Information to persons other than those listed above, such disclosure shall be reported in writing to the person who designated such inadvertently disclosed Information as Confidential.  In that event, counsel for the party who inadvertently disclosed Confidential Information shall make all reasonable efforts to retrieve the Confidential Information and any documents containing such Confidential Information and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Information in accordance with the terms of this Order.

(c)     Prior to the use of any Confidential Information at a hearing to be held in open court, counsel who desires to use such Confidential Information shall take reasonable steps to afford opposing counsel and counsel for the party who designated the Information as Confidential a reasonable opportunity to object to the disclosure in open court of such Confidential Information.

## 8.    LIMITATION ON DISCLOSURE OF ATTORNEYS' EYES ONLY INFORMATION

(a)     Except with the prior written consent of the party designating Information as Confidential, or upon prior order of this Court obtained upon notice to opposing counsel, Information designated as "ATTORNEYS' EYES ONLY" must not be disclosed to any person other than:

(i)      the Court and Court personnel;

(ii)     the court reporter and videographer, if any, present at any hearing, deposition or trial;

/ / /

1           (iii)    counsel of record for the respective parties to this litigation and

2   the employees, associates and contract attorneys of counsel;

3           (iv)    persons who authored, prepared or received the Information in a

4   context outside this litigation; and

5           (v)    consultants or expert witnesses retained for the prosecution or

6   defense of this litigation, provided that the consultant or expert confirms in writing

7   that he or she is not currently employed by or in any other form of consulting or

8   professional relationship with any company that competes with Plaintiff or

9   Defendants.

10   **9.   CERTIFICATION FORM**

11        Except for persons identified in paragraph 7(a)(i)-(v) (excluding contract

12   attorneys), each person who is authorized by this Order to inspect or have access to

13   Information designated as "CONFIDENTIAL" and who in fact inspects any such

14   Information must, before conducting the inspection or having the access, execute the

15   Certification attached to this Order and thereby agree to be bound by its provisions.

16   The Certification forms must be retained by counsel to the party that disclosed the

17   Confidential Information during the pendency of the action and for a period of two

18   (2) years after the conclusion of the action as defined in paragraph 15 below.  The

19   Certification forms need not be disclosed to opposing counsel, but opposing counsel

20   may apply to the Court for an order compelling disclosure on a showing of good

21   cause.

22   **10.   LIMITATION ON USE OF CONFIDENTIAL INFORMATION**

23        Persons receiving Information designated as "CONFIDENTIAL" and/or

24   "ATTORNEYS' EYES ONLY" must not reveal such Information to, or discuss that

25   Information with, any person who is not entitled to receive the Information, except as

26   set forth in this Order.

27   / / /

28   / / /

## 11.   WAIVER OF CONFIDENTIAL DESIGNATION

(a)     Any party or non-party may voluntarily disclose to others, without restriction, and without waiving the designation, any Information designated by that party or non-party as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" although a document may lose its Confidential status if it is made public.

(b)     Notwithstanding the foregoing, if Information alleged to be "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" is nevertheless inadvertently produced without a "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" designation, such production, in and of itself, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the producing party would otherwise be entitled.  As soon as practicable, the producing party shall notify all other parties in writing of its inadvertent production of the Information without the proper designation.  Upon receiving such written notification, all parties shall treat the document identified in the written notification as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" in accordance with the terms of this Order.  Within ten (10) business days of sending such written notification, the producing party may either obtain agreement from the receiving party that the document will be treated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" pursuant to the terms of this Order, or if such agreement is not obtained, apply to the Court for an order requiring that the document identified in the written notification be treated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" in accordance with the terms of this Order.  If no such application is made within the time permitted, the receiving party need no longer treat the Information identified in the written notice as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY."  If such an application is made within the time permitted, however, the receiving party shall continue to treat the document identified in the written notification as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" until such time as the application is finally resolved by the Court.

**12.** <u>**FILING UNDER SEAL– L.R. 79-5**</u>

In the event that any person discloses Confidential Information in any pleading, court filing, attachment or exhibit thereto, or other papers filed with the Court pre-trial, the disclosing person shall conditionally file the Confidential Information under seal with the Clerk of this Court pursuant to Local Rule 79-5; provided, however, that the paper shall be furnished to the Court and the attorneys for the parties and a duplicate copy with the confidential information deleted will be placed in the public record insofar as possible.  The parties understand that designation of materials as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" does not automatically entitle the parties to have such information kept under seal and that any submission of documents under seal should seek to file under seal only those portions of the documents that contain Confidential Information, *see, e.g., Kamaka v. City & County of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006), and should be made to the judicial officer presiding over the proceedings in question.

**13.** **COPIES OF CONFIDENTIAL INFORMATION**

This Order does not restrict a person who is properly in the possession of Confidential Information from (1) making working copies, abstracts, digests or analyses of Confidential Information for use in connection with this litigation or (2) converting or translating Confidential Information into machine-readable form for incorporation in a data retrieval system used in connection with this litigation.  Any such copies, abstracts, digests, analyses or data compilations have the same level of protection under the terms of this Order as the Information from which they are derived.

**14.** <u>**CONCLUSION OF LITIGATION**</u>

The Conclusion of this action is defined as thirty (30) days after the expiration of the time to appeal or challenge any final judgment, settlement or consent decree. All provisions of this Order restricting the communication or use of Confidential Information continue to be binding after the conclusion of this action, unless

1   otherwise agreed or ordered.  Upon conclusion of this action, a party who received

2   Confidential Information in the context of this action, other than that which is

3   contained in pleadings, correspondence and deposition transcripts, must either (a)

4   return such documents no later than thirty (30) days after conclusion of this action to

5   counsel for the party or non-party who provided such Information or (b) destroy such

6   documents within thirty (30 days and certify in writing that the documents have been

7   destroyed.

8   **15.   <u>USE OF INFORMATION AT TRIAL</u>**

9          This Order does not preclude, limit, restrict or otherwise apply to the use of

10  Information at trial.  An agreement concerning the treatment of Confidential

11  Information at trial shall be reached at the pre-trial conference.

12  **16.   <u>APPLICABILITY ON PRIVILEGES AND PROTECTIONS</u>**

13         Nothing in this Order waives any applicable privilege or work product

14  protection or affects the ability of a party to seek relief for an inadvertent disclosure

15  of material protected by privilege or work product protection.

16  **17.   <u>EXTENSION TO NON-PARTIES</u>**

17         Any witness or other person, firm or entity from which discovery is sought

18  may be informed of and may obtain the protection of this Order by written request to

19  the parties' respective counsel or by oral request at the time of any deposition or

20  similar proceeding.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**18.  MODIFICATION / RELIEF FROM TERMS OF ORDER**

    (a)    Nothing contained herein shall preclude any party from seeking from the Court, upon noticed motion, relief from this Order or modification thereof.

    (b)  This Order may only be modified, without leave of Court, by agreement of all of the parties in the form of a written stipulation that shall be filed with and approved by the Court.

**IT IS SO ORDERED.**


Dated: June 24, 2013

 

_____
               Honorable Manuel Real
         UNITED STATES DISTRICT JUDGE

# <u>CERTIFICATION</u>

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Order Governing Treatment of Confidential Information ("Order"), dated June __, 2013, in *Innersvingen, AS v. Sports Hoop, Inc. et al*, Case No. CV12-05257 R(JCGx).  I have been given a copy of that Order and I have read it.

I agree to be bound by the Order.  I will not reveal the Confidential Information to anyone, except as allowed by the Order.  I will maintain all such Confidential Information—including copies, notes, or other transcriptions made therefrom—in a secure manner to prevent unauthorized access to it.  No later than thirty days after the conclusion of this action, I will return the Confidential Information.  I hereby consent to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the Confidentiality Order.

I declare under penalty of perjury that the foregoing to true and correct and that this certification is executed this _____day of 2013, at _____.

      By: _____
      Address:_____
      Phone: _____